IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRIEDMAN; and BARBARA FRIEDMAN,<br><br>            Plaintiffs,<br><br>     v.<br><br>TAKEDA PHARMACEUTICALS NORTH AMERICA, INC.; TAKEDA PHARMACEUTICALS INTERNATIONAL, INC.; TAKEDA PHARMACEUTICAL COMPANY LIMITED; TAKEDA PHARMACEUTICALS, LLC; TAKEDA GLOBAL RESEARCH & DEVELOPMENT CENTER, INC.; and TAKEDA SAN DIEGO, INC.,<br><br>            Defendants.<br>_____/ | No. C 11-6725 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND<br>(Docket No. 14) |

Plaintiffs John and Barbara Friedman move to remand this case to state court. Defendants Takeda Pharmaceuticals North America, Inc., Takeda Pharmaceuticals International, Inc., Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals, LLC, Takeda Global Research & Development Center, Inc., and Takeda San Diego, Inc. have not filed a response to Plaintiffs' motion. For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

BACKGROUND

Plaintiffs, a married couple, are California citizens currently residing in San Francisco County. Compl. ¶¶ 2, 170. They filed this action in San Francisco Superior Court on December 8, 2011. All Defendants, with the exception of Takeda San Diego,

are non-California citizens; Takeda San Diego is a California citizen. Id. at ¶¶ 14-19. Plaintiffs allege that Takeda San Diego individually and in partnership with the other Defendants, designed, researched, manufactured, tested, promoted, marketed and distributed a drug, Actos (pioglitazone). Id. at ¶¶ 19, 26.

Mr. Friedman used Actos from March 2000 through October 2010. Id. at ¶ 41. He was diagnosed with bladder cancer in June 2008. Id. at ¶¶ 3, 42. Plaintiffs allege, among other things, that, as a result of the defective design, manufacturing and testing of Actos by Defendants, people who took Actos were at an increased risk for developing bladder cancer. Plaintiffs assert various claims against Defendants arising out of these events, including claims for negligence. Id. at ¶¶ 3, 48-168, 169-176.

On December 30, 2011, certain Defendants removed the instant action to this Court pursuant to 28 U.S.C. § 1332 diversity jurisdiction, arguing that Takeda San Diego was fraudulently joined. In the Notice of Removal, Defendants argue that "Takeda San Diego, Inc. did not design, develop, manufacture, market, sell, distribute, participate in labeling, or conduct safety testing of Actos" and could not be held liable. Notice of Removal ¶ 27. However, the president and chief scientific officer of Takeda San Diego stated in a declaration supporting removal that Takeda San Diego has in fact played a role in the study and testing of pioglitazone. Wilson Decl., Ex. B to Notice of Removal, ¶ 6.

2

DISCUSSION

To make a showing of fraudulent joinder, Defendants "must demonstrate that there is no possibility" that Plaintiffs will be able to establish a cause of action in state court against Takeda San Diego.  Lantz v. DaimlerChrysler Corp., 2005 WL 1629937, at *1 (N.D. Cal.).  However, here, there is a reasonable possibility that Plaintiffs could prove that Takeda San Diego is liable for negligence, both directly and under a joint enterprise theory pursuant to California law.  See Hill v. Takeda Pharmaceuticals North America, Inc., 2012 U.S. Dist. LEXIS 6451, at *4-8 (N.D. Cal.) (Alsup, J.) (addressing identical allegations against Takeda San Diego).

Further, "[t]he 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Defendants did not respond to Plaintiffs' motion to remand and have not met their burden.

CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED (Docket No. 14).  The Clerk shall remand this action to San Francisco County Superior Court and close the file.

IT IS SO ORDERED.

Dated: 2/3/2012

CLAUDIA WILKEN
United States District Judge

3